IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James L. Roudabush, Jr., #82038-083, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. 8:17-3466 |
| v. ) | |
| ) | **ORDER** |
| B.M. Antonelli, Warden, FCI Williamsburg, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the Court upon Petitioner James L. Roudahush, Jr.'s ("Roudabush") petition seeking a writ of prohibition/writ of mandamus under 28 U.S.C. § 1651(a). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations. On January 19, 2018, Magistrate Judge Jacquelyn D. Austin issued a report and recommendation ("Report") outlining Petitioner's claims and recommending that Petitioner's motion to proceed in forma pauperis be denied and that Petitioner be given 21 days to pay the $400 filing fee. According to the Magistrate Judge, in light of Petitioner's three strikes, and because Petitioner's claims do not satisfy the three strikes rule's standard of "imminent danger of serious physical injury," 28 U.S.C. § 1915(g), Petitioner cannot proceed with this action in forma pauperis and must instead pay the full filing fee.

Attached to the Report was a notice advising Petitiner of his right to file specific, written objections to the Report within 14 days of receiving a copy. On February 1, 2018, Petitioner filed objections to the Magistrate Judge's Report, objecting to the Magistrate Judge's finding that Petitioner has three prior strikes.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## DISCUSSION

In her Report, the Magistrate Judge noted that Petitioner has filed more than 100 cases in various courts over the years, and she specifically considered whether Petitioner has "three strikes" under 28 U.S.C. § 1915(g), in accordance with the standard set forth by the Fourth Circuit Court of Appeals in *McLean v. United States*, 566 F.3d 391, 393 (4th Cir. 2009). Ultimately, the Magistrate Judge found that the following dismissals counted as three strikes for Petitioner:

1. *Roudabush v. Hylton*, No. 2:15-cv-376, ECF No. 9 (E.D. Va. Sept. 2, 2015), affirmed, 635 Fed. App'x 114 (4th Cir. 2016) (counting as a strike because case was dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1));

2. *Roudabush v. Kopelove*, No. 2:05-cv-348, ECF No. 3 (E.D. Va.June 9, 2005), appeal dismissed, No. 05-6945 (4th Cir. Sept. 12, 2005) (counting as a strike because case dismissed as frivolous);

3. *Roudabush v. Johnson*, No. 7:05-cv-691, ECF No. 29, 2006 WL 270020 (W.D. Va. Feb. 3, 2006) ("Johnson I") (counting as a strike because complaint dismissed as frivolous, malicious, or failing to state a claim for relief pursuant to 28 U.S.C. § 1915A(b)(1)).

(*See* ECF No. 6 at 8.)

In his objections, Petitioner asserts that *Roudabush v. Kopelove*, No. 2:05-348, should not count as a strike against him because the only information presented by the government as evidence of this strike is a docket sheet. The Court finds this objection without merit; as the Third Circuit noted in *Roudabush v. Bitener*, courts often rely on dockets in older cases, and the docket in *Kopelove* is unambiguous insofar as the case was dismissed as frivolous. *See* – F. App'x – , 2018 WL 416819 (3d Cir. 2018).

Petitioner next points out that the Third Circuit in *Bitener* ultimately was unable to determine that Petitioner had three strikes. The Court also finds this argument unavailing. In *Bitener*, the Third Circuit concluded that the dismissal of *Roudabush v. Johnson* was a strike but that the dismissal in *Roudabush v. Hylton* (relied on by the Magistrate Judge in this case) was not a strike because it did not occur prior to the filing of the underlying action in *Bitener*. *See Bitener*, 2018 WL 416819, *2-*3. Here, in contrast to *Bitener*, the dismissal in *Hylton* did occur prior to Petitioner's filing of this action. Accordingly, the Court agrees with the Magistrate Judge that both *Johnson* and *Hylton* qualify as strikes, and the Court finds Petitioner's objections without merit.

After review, the Court agrees with the Magistrate Judge's finding that Plaintiff has three strikes under § 1915(g). Moreover, because Petitioner's claims do not satisfy the standard of "imminent danger of serious physical injury" under § 1915(g) and because Plaintiff has not paid the filing fee, this action is subject to dismissal without prejudice. The Court hereby adopts and incorporates the Magistrate Judge's Report (ECF No. 6); overrules Petitioner's objections (ECF No. 9); and dismisses this action without prejudice.

**AND IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce Howe Hendricks
United States District Judge

March 6, 2018
Charleston, South Carolina